UNITED STATES of America

v.

**In re APPLICATION OF the UNITED STATES FOR an ORDER AUTHORIZING the INSTALLATION, MONITORING, MAINTAINING, REPAIRING, AND REMOVING OF ELECTRONIC TRANSMITTING DEVICES ("BEEPERS") AND INFRA–RED TRACKING DEVICES ON OR WITHIN a WHITE FORD TRUCK VIN 1FDKE37H3HHB79229.**

Magistrate's Docket No.
94–M0019–01–LPC.

United States District Court,
D. Massachusetts.

April 8, 1994.

Assistant U.S. Atty. George Vien, Boston, MA, for the U.S.

*MEMORANDUM AND ORDER*

LAWRENCE P. COHEN, United States Magistrate Judge.

In anticipation of a transaction involving the distribution of 2000 pounds, more or less, of marihuana, the United States, by way of an application and supporting affidavit,[1] has sought an order of this court authorizing the installation and monitoring of electronic transmitting devices and/or infra-red tracking devices in a white Ford Truck bearing VIN 1FDKE37H3HHB79229.[2]

The supporting affidavit further avers, and this court finds probable cause to believe, that that truck, after being equipped with the transmitting devices and/or infra-red tracking devices, may be driven by the targeted subjects outside the District of Massachusetts. Accordingly, the application seeks relief by this court under the provisions of 18 U.S.C. § 3117.[3]

That statute provides:

**§ 3117. Mobile tracking devices**

(a) **In general.**—If a court *is empowered to issue a warrant or other order for the installation of a mobile tracking device*, such order may authorize the use of

---

1. The supporting affidavit clearly establishes probable cause to believe that the subjects referred to in the affidavit intended to distribute the marihuana to a confidential informant under the supervision of agents of the Drug Enforcement Administration.

2. That truck was rented by, and is currently in the custody and control, of the Drug Administra-

tion, and, by the terms of the application and supporting affidavit, the transmitting devices and/or infra-red tracking devices will be installed in that truck while it is in the custody and control, of the Drug Administration.

3. Section 3117 was added as Pub.L. 100–690, and became effective January 24, 1987.

that device within the jurisdiction of the court, and outside that jurisdiction if the device is installed in that jurisdiction.

(b) **Definition.**—As used in this section, the term "tracking device" means an electronic or mechanical device which permits the tracking of the movement of a person or object. (Emphasis added).

At first blush, because of the emphasized language set forth above, one might conclude that Section 3117 is applicable by its very terms if, and only if, a judge or magistrate judge[4] is otherwise "empowered to issue a warrant or other order for the installation of a mobile tracking device".[5] That is to say, a natural reading of that language may suggest that one must look elsewhere to positive law—*i.e.*, a codified statute or rule—to determine whether that authority exists. And therein, of course, lies the rub, since there is no positive law, statute or rule, which grants such authorization.

Nevertheless, that language notwithstanding, the court finds and concludes that this court has the authority to grant the relief requested absent a positive grant of such authority.

The use of transmitting devices and/or infra-red tracking devices in the detection of crime is a valuable and well-accepted law enforcement tool. Until recently (*circa*

1983), of course, law enforcement officers routinely installed and used those devices without court authorization. That was done routinely for the then well-held belief that the mere *installation*[6] of those devices did not implicate Fourth Amendment considerations—a conclusion which is still consistent with Fourth Amendment jurisprudence. *See e.g., United States v. Knotts,* 460 U.S. 276, 103 S.Ct. 1081, 75 L.Ed.2d 55 (1983); *United States v. Karo,* 468 U.S. 705, 104 S.Ct. 3296, 82 L.Ed.2d 530 (1984).

That customary and routine practice became tempered, however, after the rulings in *Knotts* and *Karo.* Tempered to the extent that law enforcement officials—at least federal law enforcement officers[7]—have more or less routinely sought such authorizations from federal judicial officers over the past several years. Indeed, this court has granted a number of such applications—albeit under the general search warrant authority of Rule 41, F.R.Crim.P.—not 18 U.S.C. § 3117.[8]

All of this is said as prelude to this court's conclusion that Congress, in enacting Section 3117, did not really mean what it seemingly said—*i.e.*, that a federal judicial officer (district court judge or magistrate judge) may issue an order under that section if, and only if, other positive law (statute or rule—and there is none) authorized that federal judicial

---

4. The statute uses the term "court." That term is not otherwise generally defined in Title 18, United States Code. Nevertheless, this court concludes that that term embraces magistrate judges as well as district judges. *Cf.* 18 U.S.C. Section 3127(2)(A) ("Pen Registers and Trap and Trace Devices") ("the term 'court of competent jurisdiction' means ... a district court of the United States (*including a magistrate of such a court*)....").

To the extent that the installation of a mobile tracking device requires any court authorization, *see* text below, the amount of governmental intrusion is certainly no more than that authorized by search warrants issued under the provisions of Rule 41, F.R.Crim.P. And that rule, by its very terms, authorizes the issuance of search warrants by magistrate judges.

5. The supporting affidavit in this case clearly shows that the transmitting devices and/or infra-red tracking devices were to be installed within the District of Massachusetts, the last of the criteria set forth in that statute.

6. By "mere installation", we mean installation of such devices not requiring the entry into homes

or other places otherwise entitled to Fourth Amendment protection.

7. This court is personally aware of the recent trend in seeking court authorizations for the installation of transmitting devices and/or infra-red tracking devices in federal matters—not state matters.

The reported cases, however, appear to suggest that that trend is shared by state law enforcement officers. *See e.g., United States v. Ricketts,* 18 F.3d 588 (8th Cir.1994) ("Detective Lachenicht obtained a state court search warrant for 1915 East Warne and an order permitting him to place an electronic tracking device inside the package.").

8. So far as this court can recall, none of the prior applications anticipated that the vehicle and/or other object in which the transmitting devices and/or infra-red tracking devices were placed would move outside the jurisdiction of the District of Massachusetts. There was thus no occasion for resort to Section 3117.

officer "to issue a warrant or other order for the installation of a mobile tracking device."

As a general matter of statutory construction, this court cannot lightly infer that Congress—with hardly a whisper [9]—intended to strip federal judicial officers of that authority routinely exercised for years—*i.e.,* the issuance of orders such as that requested here under the provisions of Rule 41, F.R.Crim.P. That is particularly true in context. On the one hand, a literal reading of Section 3117 seems to suggest that Congress intended to *broaden* the scope of the powers of judicial officers in issuing orders for the installation and monitoring of mobile tracking devices; and yet, on the other, it seems to suggest that that given with the right hand was taken away with the left, since those powers would be *broadened* only if Congress chose to (and it did not) enact or approve positive law authorizing judicial officers to issue those orders in the first place.

In this court's view, such a reading blinks reality. A more consistent and common-sense reading is that Congress, obviously well aware of the power of judicial officers to issue such orders under Rule 41, F.R.Crim. P., used that language to broaden—not restrict—the well-established existing powers of judicial officers. That is to say, Congress, aware of the existing power and authority of federal judicial officers to issue those orders under Rule 41, F.R.Crim.P., enacted Section 3117 to ensure that those investigative tools would be effective even if the vehicle or other object in which the mobile tracking device was installed just happened to thereafter leave the jurisdiction of the court where the device was installed and authorized.

That, in this court's view, the language of Section 3117 notwithstanding, is the only fair reading of that section. The relief requested by the government shall accordingly be, and hereby is, granted, authorizing the installation and monitoring of electronic transmitting devices and/or infra-red tracking devices in a white Ford Truck bearing VIN 1FDKE37H3HHB79229.

In order not to compromise the ongoing investigation, it is further ordered that this Memorandum and Order be, and hereby is, impounded pending notification from the attorney for the government that that investigation has been completed and/or that impoundment is no longer necessary to ensure the integrity of that pending investigation.

So ordered.

---

9. The relevant legislative history is sparse and not instructive.